NOTE.—This estate was several times in litigation: Loughran's Estate, 22 Dist. R. 282; 26 Dist. R. 123; 257 Pa. 534.   See, also, John Loughran's Estate, 21 Dist. R. 672.

---

## Commonwealth v. Lute.

*Grand jury — Ignoring bill of indictment without calling all witnesses endorsed thereon—Duty of district attorney in such a case.*

1. Where the grand jury ignores an indictment without calling all the witnesses for the Commonwealth whose names are endorsed thereon, and directs that the prosecutor pay the costs, the return will be set aside.

2. It is the duty of the district attorney to place on the back of the indictment all the names of the witnesses for the Commonwealth that appear in the subpœna, and no bill of indictment should be presented to the grand jury until that is done, and no bill should be ignored and the costs placed on the prosecutor until they have all been called and examined by the grand jury.

3. Because the district attorney has authority to endorse the names of witnesses for the Commonwealth on the back of the bill, he does not, therefore, have equal authority to strike off names of all witnesses he may deem not necessary or all those who do not answer or appear in response to the subpœna.

Rule to set aside return of the grand jury.   Q. S. Westmoreland Co., Nov. Sess., 1921, Nos. 46 and 48.

*John E. Kunkle*, for rule;   *Nevin A. Cort*, District Attorney, contra.

COPELAND, P. J., Jan. 9, 1922.—Informations were made against the defendants in the above stated cases on Sept. 15, 1921, before W. Irwin Hunter, justice of the peace in the Borough of Greensburg, and, after hearing before the justice, the defendants were held to the next term of Court of Quarter Sessions.   The informations were made and filed in the Court of Quarter Sessions on Oct. 4, 1921, and upon these informations bills of indictment were drawn which charge the defendants with assault and battery and aggravated assault and battery.   The indictments were presented to the grand jury on Nov. 15, 1921, and on the same day that tribunal made return to the court in each case: "Not a true bill and prosecutor, Richard Tainton, pay costs." To this return, on the same day, Richard Tainton, by his counsel, moved the court to set aside the return of the grand jury for the reason that all the witnesses marked by the district attorney on the bill of indictment were not sworn or heard before the grand jury; that Dr. W. W. Miller, whose name was marked by the district attorney on the bill of indictment, was present in court, but was not called before the grand jury and was not sworn and did not testify previous to the finding; that the witness, Albert Kneller, whose name was marked on the bill of indictment by the district attorney, was not heard and did not testify before the grand jury previous to the finding; that Dr. W. W. Miller and Albert Kneller were both important witnesses for the Commonwealth; that Albert Kneller was present and was within a very short distance of the prosecutor when the alleged assault was committed; that Dr. W. W. Miller was the witness who dressed the injuries received by the prosecutor immediately after the assault, and that the prosecutor, Richard Tainton, was attacked by the two defendants without cause, was knocked down, his face was cut and bruised, his eyes were blackened, and he was cut so badly that it required the doctor's care and attention.

2 D. & C.

Commonwealth *v.* Lute.

All these reasons raise one question for the determination of the court, and that is: Will these returns made by the grand jury stand where that jury did not call all the witnesses whose names were on the bill of indictment?

The 10th section of the Act of March 31, 1860, P. L. 433, provides: "The foreman of any grand jury, or any member thereof, is hereby authorized and empowered to administer the requisite oaths or affirmations to any witness whose name may be marked by the district attorney on the bill of indictment."

The grand jury has no power to compel the appearance of a witness, nor to attach him for contempt should he refuse to testify, and even on bills pending before them it was necessary to pass a special law to authorize them to swear witnesses endorsed on the bill. The grand jury has no concern with any testimony but that which is regularly offered to it with the bill of indictment, on the back of which the names of the witnesses are inserted. The duty of the grand jury being merely to inquire whether there be sufficient ground for putting the accused party on his trial before another jury of a different description, and this being its only duty, how is that tribunal to determine whether there is sufficient ground to put the accused on trial before another jury or to ignore the bill? Being confined to the names of witnesses inserted on the back of the bill of indictment, it determines whether it shall hold or discharge the defendant by the testimony given by the witnesses whose names appear on the back of the indictment. It is plainly apparent to any one who is familiar with court proceedings that it is not necessary for a grand jury to call all the witnesses on the back of an indictment to be satisfied that there is sufficient ground for holding the defendant. It must call at least enough of the witnesses whose names appear on the back of the indictment until at least twelve of the jury are satisfied that sufficient evidence of guilt has been given to warrant the finding of a true bill. But when it comes to ignoring the bill and directing the prosecutor to pay the costs in cases where the grand jury has jurisdiction over the costs, it is equally apparent that it becomes necessary to call all the names of the witnesses endorsed on the back of the indictment by the district attorney before that conclusion can be reached, for the reason that the witnesses whose names appear on the back of the indictment, endorsed thereon by the district attorney, and who are not called, may be the ones that would testify to essential facts that would warrant the finding of a true bill.

It was said in Bierly on Juries and Jury Trials, § 57, page 108: "The foreman will have the witnesses called before the grand jury as their names appear endorsed on the bill, one by one, until all are called, or until at least twelve of the jury are satisfied that sufficient evidence of guilt has been given to warrant the finding of a true bill. When once so satisfied, the remainder need not be called." Then, again, on page 109, section 61, it is said: "They cannot ignore the bill without having called all of the witnesses named on it."

It is the contention of the district attorney that, having authority to endorse the names of witnesses for the Commonwealth on the back of the bill of indictment, he has equal authority to strike off names of all witnesses he may deem not necessary, or all those who do not answer or appear in response to a subpœna. With this argument we do not agree, for the reason that justice in many instances would be thwarted and the guilty go unpunished when an important eye-witness to the occurrence failed to appear, although regularly summoned. In such cases, all witnesses material to the finding of a bill may be compelled to appear before the grand jury by a subpœna which issues from the court, and if they refuse to attend, attachments will issue against them. And so in this case it was the duty of the

district attorney to withdraw this bill until all witnesses material to the finding of a bill were subpœnaed, or, having been subpœnaed, refusing to attend until attachments issued against them.

It is conceded by the district attorney that all the witnesses whose names are endorsed on the back of these bills of indictment were not called; that the two witnesses complained of in the motion to set aside the returns of the grand jury were not called.

Failure to call all the witnesses whose names are endorsed on the back of these bills of indictment is sufficient to warrant this court in setting aside their returns in these cases.

It was said in Com. *v.* Braungard, 23 Dist. R. 380: "The grand jury ignored the above bill and imposed the costs on S. Edelson, the prosecutor. It appears from the deposition that two witnesses whose names appeared on the back of the bill were not called before the grand jury, so that their testimony was not heard. It was its duty, as we had instructed, to have heard the testimony of all the witnesses whose names were written on the back of the bill before ignoring it, as otherwise it could not know the testimony upon which the Commonwealth depended to make out a *prima facie* case, nor could it have decided that the prosecutor brought such a frivolous or unfounded prosecution into court as justified the imposition of costs upon him. As it, therefore, was not justified in imposing the costs upon the prosecutor, we must make absolute the rule to strike off so much of the finding as imposed the costs upon him."

In the case of Com. *v.* Ditzler, 1 Lanc. Bar, No. 13, it is said: "Though the jury need examine only so many witnesses on the part of the Commonwealth as to satisfy them, yet they cannot ignore a bill presented until all whose names appear in the indictment are heard."

We have before us a copy of our charge to the grand jury at the session at which these bills were ignored, and it in part reads as follows: "In the examination of charges founded on a bill of indictment, you are confined, in the examination of the witnesses, to those whose names you will find endorsed on the bill of indictment by the district attorney. In no event can you go outside of these. Should you be satisfied, before hearing all the witnesses, that the charge is probably true, you are not required to go further and hear the others. On the other hand, you cannot ignore a bill without first having heard all the witnesses."

It, therefore, was the duty of the grand jury, as we had instructed them, to hear the testimony of all the witnesses whose names were endorsed on the back of the bill of indictment before ignoring it, and it was equally the duty of the district attorney to withdraw the bill of indictment if the witnesses were not present and to appeal to the court for the proper authority for attachments to compel their attendance.

It must be remembered that all witnesses material to the finding of a bill may be compelled to appear before a grand jury by a subpœna which issues from the court, and if they refuse to attend, attachments will issue against them, or if, when a witness appears, he refuses to be sworn or to testify, he may be committed for contempt. The practice is for the prosecutors to give the officer of the Commonwealth charged with subpœnaing witnesses the names of the witnesses that are material and necessary to the finding of a true bill and to the conviction of the defendant in court. It is the duty of the officer of the Commonwealth to subpœna the necessary and material witnesses, and it is equally the duty of the district attorney then to place all the names of the witnesses on the back of the bill of indictment that appear on the

2 D. & C.

subpœna, and no bill should be presented to the grand jury and no bill should be ignored and the costs placed on the prosecutor until they have all been called and examined by the grand jury.

And now, to wit, Jan. 9, 1922, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the rule to set aside the return of the grand jury in the above stated cases be and the same hereby is made absolute. From William S. Rial, Greensburg, Pa.